**Original filed 5/1/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE GRANT, III, | ) | No. C 06-1214 JF (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES |
| vs. | ) ) ) | |
| MRS. BUCHANAN, et. al., | ) ) | |
| Respondents. | ) ) | |

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to proceed in forma pauperis. The Court orders Petitioner to show cause why the petition should not be dismissed without prejudice because he has not exhausted his state court remedies.

### STATEMENT

Petitioner challenges the legality of his conviction for Cal. Health and Safety Code § 11350, claiming that his public defender "tricked" him into taking a deal when he was actually innocent. Petitioner states that he did not present any of his claims to the state court in a post-conviction appeal, habeas petition, etc., prior to filing the instant federal petition.

### DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust

1 state judicial remedies, either on direct appeal or through collateral proceedings, by
2 presenting the highest state court available with a fair opportunity to rule on the merits of
3 each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c);
4 Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3
5 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988).  The state's highest court
6 must be given an opportunity to rule on the claims even if review is discretionary.  See
7 O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete
8 round of the State's established appellate review process.").

9        The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity
10 to give the state "the initial 'opportunity to pass upon and correct alleged violations of its
11 prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted).
12 The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly
13 presented" to the state courts, see id.; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); or
14 (2) no state remedy remains available, see Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
15 1996).

16        Upon review of the petition, Petitioner states that he did not present his claims to
17 any state court prior to filing the instant petition.  Accordingly, Petitioner shall file a
18 response within **thirty days** of the date of this order addressing: (1) whether he has
19 presented his claims to the state court in a state habeas petition, appeal, or other court
20 proceeding; (2) whether there is a pending proceeding in the state court concerning his
21 claims; and (3) whether he wishes to continue to prosecute this petition.  Failure to file a
22 timely response will result in the court dismissing the instant petition without prejudice
23 for failure to exhaust state court remedies.

24    IT IS SO ORDERED.
25    DATED: 4/27/06

   JEREMY FOGEL
26    United States District Judge

27
28

1 | This is to certify that a copy of this ruling was mailed to the following:

3 | Jesse Grant, III
AQY-327
4 | Santa Rita Jail
5325 Broder Blvd.
5 | Dublin, CA 94568